UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BENDER,

       Plaintiff,                                 Hon. Ellen S. Carmody

v.                                               Case No. 1:16-cv-1031

LANSING COMMUNITY
COLLEGE, et al.,

       Defendants.
_____/

## **OPINION**

Plaintiff initiated this action alleging that his employment with Lansing Community College was unlawfully terminated based on his race. The parties subsequently consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, this action is **dismissed for failure to prosecute**.

## **BACKGROUND**

Plaintiff initiated this action on August 17, 2016, against Lansing Community College (LCC) and two LCC officials, Brent Knight and Ann Kroneman. In his complaint, Plaintiff alleges that his employment with LCC was unlawfully terminated based on his race. Following a lengthy discovery period, Defendants moved for summary judgment on August 30, 2017. (ECF No. 21). Because Plaintiff failed to respond to Defendants' motion, the Court issued an Order to Show Cause

on October 26, 2017, directing Plaintiff to show cause why this action should not be dismissed "for want of prosecution and failure to comply with the rules and orders of this court." (ECF No. 24). Plaintiff was expressly warned that "[f]ailure to show good cause will result in dismissal of the case." (ECF No. 24).

On November 9, 2017, Plaintiff's counsel responded to the Court's October 26, 2017 Order and asserts the following. (ECF No. 25). On or about June 7, 2017, a settlement offer was presented to Plaintiff. Plaintiff rejected this settlement offer and expressed to counsel that he "was considering abandoning the litigation, against the advice of Counsel." Counsel subsequently "emailed the Plaintiff on at least three occasion[s], mailed a letter encouraging the Plaintiff to communicate his desires on the continuation of this litigation, and phoned Plaintiff on five occasions to no avail." Plaintiff "has not made any positive action directing Counsel to litigate or respond to [the] Motion for Summary Judgment or any other matter of this case on the merits since July 17, 2017." Because of Plaintiff's refusal to communicate with counsel, the Court ordered mediation, scheduled for August 24, 2017, was cancelled. After Defendants submitted their motion for summary judgment, counsel "again inquired of the Plaintiff for guidance," but "no guidance was provided."

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)). Consideration of these factors weigh in favor of dismissal. Plaintiff has abandoned this action and his failure to communicate such to his counsel or the Court exhibits willfulness and bad faith. Plaintiff was expressly warned that failure to provide good cause for his failure to prosecute this action would result in the dismissal of his claims. Accordingly, Plaintiff's claims are hereby **dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders**.

A Judgment consistent with this Opinion will enter.

Dated: November 28, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge